WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION,<br><br>    Plaintiff,<br><br>vs.<br><br>LONE CACTUS CONSTRUCTION CORPORATION, an Arizona corporation, a/k/a LONE CACTUS CONSTRUCTION CORP.<br><br>    Defendant. | NO. MC 07-0027 PHX JAT<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: Contempt** |

**FINDINGS OF FACT**

1.   On October 31, 2006 the United States District Court for the Central District of California, Western Division, entered its judgment in *Carpenters Southwest Administrative Corporation v. Lone Cactus Construction Corporation*, Cause No. CV 06-3650 RGK(RZx) on its docket.

2.   The Court specifically ordered Defendant ("Lone Cactus") to pay Plaintiff ("SWAC") the amount of $6,248.03 plus interest from that day forward at 5.07% per annum.  At that rate of interest, the amount of additional interest due from October 23, 2006 to the present is $1,077.04, and the

1  amount now due and owing on the judgment is $7,325.07 and is
2  increasing at the rate of $1.17 per day. (Doc. #3)
3      3.   In addition, the District Court enjoined Lone
4  Cactus to complete, certify as accurate and provide to SWAC
5  the "Employers Monthly Report To Trustees" required by the
6  Agreement in place between it and SWAC and the Southwest
7  Council of Carpenters ("the Union") and to make the payments
8  required pursuant to its reports. (Doc. #3)
9      3.   Lone Cactus has notice of the judgment and its
10 requirements.  A copy of the judgment was properly served
11 upon it. (Doc. #4)
12     4.   The undisputed evidence convincingly demonstrates
13 that, to this date, Lone Cactus has failed to comply with
14 any part of the judgment.  It has not prepared any of the
15 required reports.  It has not made any payments to SWAC,
16 including the amount specifically set forth in the judgment.
17     5.   As stated on the record, the Court finds that SWAC
18 has incurred additional expenses, including attorneys fees
19 and costs of $12,294.11 in its effort to obtain compliance
20 with the judgment.

**CONCLUSIONS OF LAW**

21
22     1.   This Court is required to honor the judgment of the
23 District Court For the Central District of California.  28
24 U.S.C. §1963.
25     2.   Plaintiff here has properly registered the judgment
26 issued in *Carpenters Southwest Administrative Corporation v.*
27 *Lone Cactus Construction Corporation, a/k/a Lone Cactus*
28 *Corp.*, Cause No. MC07-0027 PHX JAT on the docket of this

1 Court, and has properly sought enforcement of the California
2 judgment in this Court. 28 U.S.C. §1963.
3    3.  The relief sought by Plaintiff falls within the
4 parameters of 29 U.S.C. §185 and jurisdiction is based on 29
5 U.S.C. §185.
6    4.  Defendant's refusal to comply with the injunction
7 orders contained in the judgment of the District Court for
8 the Central District of California constitutes contempt of
9 that court. *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1146
10 (9th Cir. 1983) ("A court has power to adjudge in civil
11 contempt any person who willfully disobeys a specific and
12 definite order requiring him to do or to refrain from doing
13 an act.")
14    5.  Under *Shuffler*, this Court may impose civil
15 contempt sanctions for one or both of two distinct purposes:
16 1) to compel or coerce compliance with a court order; and 2)
17 to compensate the contemnor's adversary for injuries
18 resulting from the contemnor's noncompliance.  *Id.* at 1147.
19 However, in a post-judgment situation, this Court cannot use
20 its civil contempt power to secure compliance with a money
21 judgment.  *Id.* ("we do not interpret the exception to
22 execution to permit a federal court to enforce a money
23 judgment by contempt or methods other than a writ of
24 execution... .") In this case, the judgment contains both a
25 money judgment and an injunction.
26    6.  SWAC is entitled to an order holding Lone Cactus in
27 civil contempt of court for its failure to comply with the
28 injunction portion of the judgment of the District Court for

the Central District of California by refusing and failing to accurately prepare and certify as accurate, the required monthly reports.

**WHEREFORE, IT IS ORDERED ADJUDGED AND DECREED** that Defendant Lone Cactus Corporation a/k/a/ Lone Cactus Corp. is hereby adjudged to be in civil contempt of court and it is directed and ordered to comply fully with the injunction terms of the judgment and order of the District Court for the Central District of California, specifically, said Defendant, shall, by April 21, 2008,

(a) provide SWAC with complete, truthful and accurate "Employers Monthly Report To Trustees" forms required for all months from September, 2005 through the present, along with a declaration from a responsible employee or director of Defendant attesting from his or her personal knowledge under the penalties of perjury, to the completeness, truthfulness and accuracy of each report;

(b) continue, by the due dates, on an ongoing monthly basis, to provide such monthly reports and declarations to the trustees for so long as Defendant is obligated to do so; and

(c) provide checks in the amounts shown on the monthly reports as owed to each trust, payable as designated on the monthly reports.

**IT IS FURTHER ORDERED ADJUDGED AND DECREED** that said Defendant shall pay to the plaintiff $12,294.11 for its attorneys fees and expenses incurred herein.  This is a civil contempt sanction levied for the second purpose

articulated above, specifically, to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance.

**IT IS FURTHER ORDERED ADJUDGED AND DECREED** that said Defendant shall pay to the plaintiff, SWAC the amount of $7,325.07 plus interest at a rate of 5.07% per annum from this day forward for each day that the balance remains unpaid.  This paragraph is merely a reiteration of the money judgment already owed under the California judgment and is not a civil contempt sanction that would be in addition to the money judgment.

**IT IS FURTHER ORDERED** that plaintiff shall serve a copy of these finding and conclusions on Defendant by April 7, 2008.

DATED this 1st day of April, 2008.

_____
James A. Teilborg
United States District Judge