**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carpenters Southwest Administrative Corporation,<br><br>           Plaintiff,<br><br>vs.<br><br>Lone Cactus Construction Corporation, an Arizona corporation, a/k/a Lone Cactus Construction Corp.,<br><br>           Defendant.<br>_____<br><br>Bank of America,<br><br>           Garnishee.<br>_____ | No. CV 08-622-PHX-JAT (MHB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE JAMES A. TEILBORG, UNITED STATES DISTRICT JUDGE:

       This matter arises on Plaintiff/Judgment-Creditor Carpenters Southwest Administrative Corporation's ("Plaintiff") Application for Judgment Against Garnishee Bank of America ("Garnishee"), filed on April 9, 2008. (Doc. #26.) Plaintiff seeks entry of Judgment against the Garnishee for nonexempt monies in the amount of $2,311.11 purportedly belonging to Defendant/Judgment-Debtor Lone Cactus Construction Corporation ("Defendant"). On April 10, 2008, United States District Judge James A. Teilborg referred this case to the undersigned for all garnishment proceedings. (Doc. #28.)

       A review of the record demonstrates that on November 1, 2006, the United States District Court for the Central District of California, Western Division, entered judgment in <u>Carpenters Southwest Administrative Corporation v. Lone Cactus Construction Corporation</u>,

1  No. CV 06-3650 RGK (RZx).  (Doc. #3.)  As part of the judgment, the Court specifically

2  ordered Defendant to pay Plaintiff the amount of $6,248.03 plus post-judgment interest at

3  the rate of 5.07% per annum.[1]  (Doc. #3.)

4        On February 21, 2008, Plaintiff, having properly registered and sought enforcement

5  of the judgment in the United States District Court for the District of Arizona, filed an

6  Application for Writ of Garnishment against the Garnishee alleging that "the Garnishee is

7  believed to owe or will owe money or property to the judgment debtor, or is in possession

8  of property of the debtor, and said property is a nonexempt interest of the debtor."  (Doc.

9  #12.)  On February 25, 2008, a Writ of Garnishment was issued to the Garnishee requesting

10  that the Garnishee file an answer to the Writ as to "whether or not [it had] in [its] custody,

11  control, or possession any property owned by the debtor, including non-exempt, disposable

12  earnings."  (Doc. #14.)  Additionally, the Writ required the Garnishee to serve a copy of the

13  Writ upon Defendant and Plaintiff.  (Doc. #14.)

14        Thereafter, on March 14, 2008, the Garnishee filed a verified Answer to Writ of

15  Garnishment (Non-Earnings) stating that, at the time of service of the Writ, it was indebted

16  to Defendant in the amount of $2,311.11.  (Doc. #18.)  The Garnishee also indicated that it

17  "mailed copies of the Writ and Summons, the underlying Judgment, the Notice to Judgment

18  Debtor, and the Request for Hearing on February 29, 2008, to Judgment Debtor ... ."  (Doc.

19  #18.)[2]  The Garnishee mailed its Answer to Defendant on March 11, 2008.  (Doc. #18.)

20        On April 9, 2008, Plaintiff filed the subject Application for Judgment Against

21  Garnishee and Proposed Judgment.  (Docs. ##26, 27.)  In its Application, Plaintiff states that

22  the Garnishee was served with a Writ of Garnishment; the Garnishee has answered that it was

23  indebted to the Defendant for nonexempt monies in the amount of $2311.11 at the time of

---

[1] In addition, the judgment contained an injunction requiring Defendant to complete, certify as accurate, and deliver to Plaintiff the "Employers Monthly Reports To Trustees" as required by the agreement in place between the parties and to make payments owed as shown on the reports.  (Doc. #3.)

[2] Plaintiff also filed a Certification of Service stating that a copy of the Writ of Garnishment was sent to Defendant by first-class mail on March 4, 2008.  (Doc. #17.)

service of the Writ; and no objection to the Writ has been filed. (Doc. #26.) The Proposed

Judgment contains the following terms:

> that the Plaintiff/Judgment Creditor shall have and recover of and from the Garnishee from the nonexempt monies of the Defendant/Judgment Debtor, Lone Cactus Corp., owed or held by Garnishee at the time of service of the Writ of Garnishment the amount of $2161.11[;]
>
> that Garnishee be awarded the sum of $150 for its reasonable compensation in answering the Writ of Garnishment, said amount to be taxed against the Defendant/Judgment Debtor[;]
>
> that the Plaintiff/Judgment Creditor shall deliver a copy of this Judgment to the Garnishee and the Defendant/Judgment Debtor, Lone Cactus Corp., and on receipt of a copy of this Judgment against Garnishee, said Garnishee shall transfer the nonexempt funds awarded to the Plaintiff/Judgment Creditor to its attorney.

(Doc. #27.) A Certificate of Service following the Application for Judgment indicates that

both documents were served on Defendant by mail on April 9, 2008. (Doc. #26.)

Generally, a federal writ of garnishment is governed by the law of the state in which

the district court sits. See Fed.R.Civ.P. 69(a)[3]; Hilao v. Estate of Marcos, 95 F.3d 848, 851

(9th Cir. 1996). Under Arizona law, "garnishment reaches only debts existing at the time of

the service of the writ." Reeb v. Interchange Resources, Inc. of Phoenix, 478 P.2d 82, 84

(Ariz. 1970). "[I]t is well settled in Arizona that the rights of a garnishor-creditor to assets

in the hands of a garnishee are no greater than rights of the defendant-debtor to those assets."

Webster v. USLife Title Co., 598 P.2d 108, 110 (Ariz. Ct. App. 1979) (citing Mid-State

Electric Supply Co. v. Arizona Title Insurance & Trust Co., 464 P.2d 604, 606-07 (Ariz.

1970)).

Pursuant to Arizona's garnishment statutes, "[a] party who has an objection to the writ

of garnishment [of non-earnings], the answer of the garnishee or the amount held by the

garnishee or a party claiming an exemption from garnishment" may file a "written objection

---

[3] Rule 69(a), Fed.R.Civ.P., provides in pertinent part:
A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution – in proceedings supplementary to and in aid of judgment or execution – **must accord with the procedure of the state where the court is located**, ... .
(emphasis added).

and request a hearing" "not later than ten days after receipt of the answer ... ." A.R.S. § 12-1580(A).  If the answer of the garnishee "shows that the garnishee was indebted to the judgment debtor at the time of service of the writ, and no objection to the writ or answer is timely filed, on application by the judgment creditor the court shall enter judgment on the writ against the garnishee for the amount of the nonexempt monies of the judgment debtor owed or held by the garnishee at the time of service of the writ." A.R.S. § 12-1584(A).  Under Arizona's garnishment statute, a presumption exists "that a document has been received five days after it is mailed ... ." A.R.S. § 12-1597(A).

The Court finds that Plaintiff has properly complied with Arizona's garnishment statutes.  Defendant presumptively received notice of the Writ of Garnishment, the Garnishee's verified Answer to Writ of Garnishment (Non-Earnings), and the Application for Judgment Against Garnishee.  A.R.S. § 12-1597(A).  Defendant failed to object to any of these documents.  In light of the fact that Defendant has failed to file an objection to the Writ of Garnishment, Answer, or Application for Judgment, the undersigned will recommend that Plaintiff's Application for Judgment Against Garnishee and the terms outlined in the Proposed Judgment as set forth in this Recommendation be granted.

In accordance with the foregoing,

**IT IS HEREBY RECOMMENDED** that Plaintiff's Application for Judgment Against Garnishee (Doc. #26) and the terms outlined in the Proposed Judgment as set forth in this Recommendation be **GRANTED**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.  The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(b) and 72.  Thereafter, the parties have ten days within which to file a response to the objections.  Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by

the district court without further review.  See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation.  See Fed.R.Civ.P. 72.

DATED this 18th day of April, 2008.

Michelle H. Burns
United States Magistrate Judge